**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 95-10236
(Summary Calendar)

BERTRAND JEROME BENNETT,

Plaintiff-Appellant,

versus

JANET LITTLE, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(3:89-CV-1282)

November 22, 1995

Before JOLLY, JONES, and STEWART, Circuit Judges.[*]

PER CURIAM:

Appellant Bertrand Jerome Bennett appeals the district court's denial of his habeas corpus application on two grounds. His first argument is that the district court erred by not considering his challenge to the jurisdiction of the state court which sentenced him. His second contention is that the district court erred by not addressing his double jeopardy claim. For the following reasons we agree with the district court's judgment and affirm.

**FACTS AND PROCEEDINGS**

Bennett says that in 1968 he was convicted of theft of personal property and sentenced to

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

two year's probation. In 1969 he was convicted on a charge of unauthorized use of a motor vehicle for which his probation was revoked, and he served two years. He was convicted for the same offense again in 1970, 1974, and 1976. In the 1976 case, a jury found him guilty as a habitual offender and sentenced Bennett to life.

In 1979, Bennett was a witness in a lawsuit challenging Texas prison conditions. Ruiz v. Estelle, 503 F. Supp. 1265 (S.D. Tex. 1980), aff'd in part and vacated in part, 679 F.2d 1115 (5th Cir.), amended in part, 688 F.2d 266 (5th Cir.), cert denied, 460 U.S. 1042 (1982). By order of the district court in that case, Bennett says he elected to be placed in the custody of the Federal Bureau of Prisons. He remained at the Bureaus's El Reno, Oklahoma, facility until April 1, 1985, when he was paroled to Dallas County, Texas.

On September 30, 1986, Dallas County police charged Bennett with unauthorized use of a motor vehicle. Bennett at that time requested that the police give him over to the custody of federal agents in accord with his Ruiz election and that he be granted a hearing before the Texas Parole Board to determine whether he had in fact violated state law and his parole release agreement. They refused. A jury found Bennett guilty of unauthorized use of a motor vehicle, enhanced by two prior convictions, namely the 1974 and 1976 convictions. He was sentenced to confinement at the Texas Department of Corrections, now the Texas Department of Criminal Justice, for life.

Bennett filed his original complaint as a civil rights claim in federal district court, charging that his 1986 arrest and prosecution were vindictive and retaliatory because of his participation in the Ruiz litigation. He also alleged that the State's actions placed him in double jeopardy. The case was referred to a magistrate judge, who subsequently construed it as a habeas corpus petition. Bennett did not object. Bennett then tried to amend his complaint to add a challenge to the jurisdiction of the Criminal District Court of Dallas County. He sought a declaratory judgment and an injunction by the United States Department of Justice. The magistrate recommended that the district court dismiss Bennett's claims against his prosecutor, Little, and the State as frivolous and withhold judgment on the claims against the City and County of Dallas until a ruling on the habeas corpus petition.

The district court adopted the magistrate judge's recommendation. In the corresponding judgment entered, the district court also changed the defendants from those listed in the original civil rights complaint to the director of the Institutional Division of the Texas Department of Criminal Justice. The district court also denied Bennett's motion to amend his complaint.

## DISCUSSION

State Court Jurisdiction

Bennett's first argument on appeal is that the district court erred in denying his motion to amend his complaint. The proposed amendment questioned the jurisdiction of the state court to try and sentence him in light of the order in Ruiz.

Rule 15 of the Federal Rules of Civil Procedure gives the district court discretion in granting leave to amend a party's pleading after a responsive pleading has been filed. Our review focuses on whether the district court has abused that discretion. State of Louisiana v. Litton Mortgage Company, 50 F.3d 1298, 1300 (5th Cir. 1995). Bennett's proposed amendment made no credible attack on the propriety of the state court proceedings following his 1986 arrest. Therefore the district court did not abuse its discretion, and we affirm its decision to deny the motion.

The Ruiz order did not prohibit state courts from trying or sentencing Ruiz witnesses. It simply allowed them to elect to transfer by further order to the physical custody of the United States Attorney General "and the concurrent legal custody" of the Texas Department of Corrections. The order states in part,

> Any person who elects to be placed in federal custody shall be subject to the classification, institutional assignment, disciplinary and other procedures and programs of the Federal Bureau of Prisons (FBP). However, all attributes of sentence, including the computation of sentence, parole eligibility, crediting of good time, and all matters pertaining to executive clemency action, shall be determined in accordance with the laws of the State of Texas.

Nothing in the order immunizes Bennett from state criminal proceedings or sentencing. As far as detention, Bennett has claimed neither that he actually was placed in the physical custody of the TDCJ nor that he was no longer permitted to transfer to federal custody. In addition, the order does not

**3**

extend to subsequent convictions and sentencing. Bennett's proposed amendment had no merit, and the district court properly denied it.

Double Jeopardy

Bennett's double jeopardy argument is unclear. At one point he alleges that appellees violated his Fifth Amendment right by convicting him a second time as a habitual offender. He also asserts that "it has never been held as permissible to use a conviction, enhanced by two prior convictions resulting in the imposition of a life sentence . . . to in a second proceeding, relitigate the facts, and the law and the evidence supporting the charge to again establish the habitual criminal status" and consequently impose additional punishment. He says that the state acted excessively in prosecuting and sentencing him to a life term for his 1986 arrest when he had already received the "[m]aximum enhanced punishment" of life in an earlier conviction.

First of all, Bennett has shown no evidence that his 1986 prosecution relitigated the issues and facts of his prior convictions. Furthermore, in Sudds. v. Maggio, 696 F.2d 415, 417 (5th Cir. 1983), we said that a state does not offend double jeopardy if it sentences a defendant as a habitual offender more than once. We also found it logical and permissible "to use the same prior conviction to enhance sentences on more than one subsequent conviction." We reject both of Bennett's claims regarding double jeopardy as meritless.

Bennett has framed all of his arguments as aspects of a vindictive prosecution by the State. He cites a Supreme Court case, North Carolina v. Pearce, 395 U.S. 711, 725-26 (1969) for the proposition that "due process of law requires that vindictiveness against a defendant for having successfully attacked a first conviction must play no part in the sentence the Defendant receives after a new trial, and that a Defendant must be free of any apprehension of retaliatory motivation in sentencing." Although he restates the law correctly, the point is inapplicable to Bennett's case. Pearce concerns the imposition of a harsher sentence in a second trial following a successful appeal. Bennett's 1986 prosecution was a singular proceeding flowing from a different set of facts and not a rehearing following the successful appeal of a prior conviction. Bennett tries to claim Pearce is

4

applicable by virtue of his allegation that the last conviction was essentially a retrial of issues raised in prior proceedings.  Again, there is no evidence to support that assertion; and even if there were, Pearce applies to successful appeals, which is not the situation before us.

AFFIRMED.